**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN IFECHUKWUDE DIAYI, | No. 10-73368 |
| Petitioner, | |
| v. | Agency No. A099-769-256 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Stephen Ifechukwude Diayi, a native and citizen of Nigeria, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that even if we were to assume Diayi advanced persuasive reasons to excuse the untimely filing of his asylum application, the incidents of mistreatment Diayi suffered in Nigeria, even cumulatively, do not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination, including employment discrimination, harassment, and physical encounters without any significant physical violence, did not compel finding of past persecution). We reject Diayi's contentions that the agency failed to consider some incidents of harm. Substantial evidence also supports the agency's determination that Diayi failed to demonstrate a well-founded fear of future persecution. *See id.* at 1018 (possibility of future persecution too speculative). Thus, Diayi's asylum claim fails.

Because Diayi failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, we lack jurisdiction to consider Diayi's contentions regarding a

disfavored group analysis because he failed to raise this issue before the BIA. *See*

*Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**